IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIA GRAVES** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 25-6298** |
| | : | |
| **JUDGE LEANNE LITWIN, JUDGE MARK B. COHEN, MASTER WILLIAM H. KETTERLINUS, MASTER PANDOLFI, EUGENE D. WATSON, MICHELLE WATSON, DARLENA GRAVES, KATIE GALLEN, CITY OF PHILADELPHIA, PHILADELPHIA FAMILY COURT** | : : : : : : : : : | |

# **MEMORANDUM**

**KEARNEY, J.**                                                                                     **November 14, 2025**

Philadelphian Mia Graves returns for the third time challenging decisions made by state court trial and appellate judges in a long-standing custody fight over her minor child in the Philadelphia County Court of Common Pleas Family Division. Ms. Graves does not like decisions in a custody dispute over her minor child beginning in May 2019 and allegedly continuing into 2024 and 2025. But she is simply wrong about the facts as amply confirmed by the public record. The Pennsylvania courts awarded custody to the child's father as affirmed by the appellate court. Judges are obligated to follow final rulings. Ms. Graves offers no basis to sue the judges and court officials following the law. We dismiss her third attempt to challenge these decisions under federal law consistent with our obligation to screen her allegations after granting her leave to proceed without paying the filing fees.

**I.     Alleged pro se facts.**

Mia Graves describes a contentious child custody and child support dispute among herself, Eugene Watson, father of her Child, and Darlene Graves, maternal grandmother, long pending in the Family Division of the Philadelphia County Court of Common Pleas.[1] Ms. Graves asserts the City of Philadelphia, Philadelphia County Court of Common Pleas, Judge Litwin and Judge Cohen, Special Masters/Hearing Officers Ketterlinus and Pandolfi, Hearing Officer Gallen, Father Mr. Watson, Michelle Watson,[2] and Grandmother Graves all violated the Pennsylvania Superior Court's 2020 decision ordering custody of Child.[3] She is incorrect as demonstrated by the public record.

*Pennsylvania Superior Court's custody decisions.*

Philadelphia Court of Common Pleas Family Division Judge Cohen entered an order in 2020 after a hearing in a custody action between Grandmother Graves and Ms. Graves, awarding sole physical and legal custody of Child to Father Mr. Watson.[4] Ms. Graves appealed.

The Pennsylvania Superior Court reversed Judge Cohen's order, concluding the trial court erred as a matter of law in granting sole physical and legal custody of Child to Father Mr. Watson when Father never had custody of the child, had not been joined as a party to the Grandmother Graves and Ms. Graves custody action, and did not formally seek custody by petition or counterclaim under Pennsylvania procedure.[5] The Superior Court remanded the case for additional proceedings consistent with its decision.

Ms. Graves believes the Pennsylvania Superior Court ordered custody of the Child to be returned to her. This is incorrect. The Pennsylvania Superior Court did *not* order custody of the Child to be returned to her. Ms. Graves believes the Superior Court ruled "[i]t's our position that the child should be returned to the mother" and Judge Litwin and Judge Cohen "defied" her

understanding of the Superior Court's direction.[6] She cites the Superior Court's withdrawn September 17, 2021 opinion. But she cites **her counsel's** argument from the September 2020 custody hearing before Judge Cohen.[7] It is not the Superior Court's decision. Her counsel's arguments do not create a judicial order.

The Pennsylvania Superior Court remanded the case to the trial court on October 18, 2021. Father Mr. Watson filed a custody complaint on remand seeking sole legal and physical custody of the Child and the trial court joined Father as a party.[8] Judge Cohen granted Father sole legal and physical custody of the child on January 4, 2022 after a custody hearing.[9]

Ms. Graves appealed from Judge Cohen's January 4, 2022 custody order. She argued Judge Cohen retaliated against her based on complaints of sexual harassment against Special Master Pandolfi and held a bias against her, Judge Cohen misapplied the factors for deciding custody under Pennsylvania statute, Judge Cohen erred in allowing the Child to move to Delaware with Father, Judge Cohen did not show clear and convincing evidence it is in the Child's best interest to live with Father, and Judge Cohen's order deprived her of her right to see Child.[10] Ms. Graves also argued Grandmother Graves kidnapped the Child, lacked standing to pursue custody, and conspired with Father Mr. Watson to transport the Child to Father's Delaware home.[11]

The Pennsylvania Superior Court affirmed Judge Cohen on September 30, 2022, finding he properly weighed Pennsylvania's statutory custody factors, clearly articulated his considerations in making the custody award, and found the record evidence supported Judge Cohen's decision.[12] The Superior Court explained Ms. Graves "is asking us to both reject the trial court's findings and credibility determinations in favor of the factual findings and credibility determinations that she proposes and reweigh the evidence."[13] The Superior Court further explained it cannot reweigh evidence and "must accept findings of the trial court that are supported

by competent evidence of record, as our role does not include making independent factual determinations."[14]

Ms. Graves petitioned for allowance of appeal to the Pennsylvania Supreme Court. The Pennsylvania Supreme Court administratively closed the appeal on January 6, 2023.[15]

Judge Cohen's January 4, 2022 custody order awarding physical and legal custody of Child to Father Mr. Watson is the operative order, affirmed by the Pennsylvania Superior Court and her appeal administratively closed by the Pennsylvania Supreme Court.

### *We dismissed Ms. Graves's two earlier lawsuits on the same theory.*

Ms. Graves filed two earlier cases before us on the same issue. We dismissed both cases before issuing summons.

Ms. Graves first sued the Philadelphia Family Court, Special Masters/Support Hearing Officers William Ketterlinus and Michael Pandolfi, Philadelphia Court of Common Pleas Judge Mark Cohen, Hearing Officer Katie Gallen, and Father Mr. Watson, Ms. Watson, and Grandmother Graves in 2023.[16] Ms. Graves disputed child support obligations with Father, alleged Special Master Pandolfi sexually harassed her, alleged Special Masters/Hearing Officers Pandolfi and Ketterlinus manipulated child support obligations, and alleged Father Mr. Watson, Ms. Watson, and Grandmother Graves kidnapped Child and committed insurance fraud.[17] We granted Ms. Graves leave to proceed without paying the filing fees and screened her pro se complaint.[18] We dismissed her Complaint against the Court of Common Pleas as immune under the Eleventh Amendment, dismissed her claim against Judge Cohen as immune for actions taken in his judicial capacity, dismissed claims against court appointed Special Masters Ketterlinus and Pandolfi, and Hearing Officer Gallen as without alleging a plausible claim to relief, and dismissed claims against Father Mr. Watson, Ms. Watson, and Grandmother Graves because they are not state actors and

4

we do not have jurisdiction to charge these individuals with common law kidnapping claims.[19] We allowed Ms. Graves to amend her Complaint if she could plead facts in good faith against remaining parties within our limited jurisdiction.[20] Ms. Graves amended her Complaint asserting the same claims.[21] We screened her amended Complaint and dismissed it with prejudice because she did not plead claims against the immune Philadelphia County Court of Common Pleas, Judge Cohen, Court officers in their official capacities, and Father Mr. Watson, Ms. Watson, and Grandmother Graves as they are not state actors.[22] Ms. Graves did not appeal from our Order.

Ms. Graves sued again earlier this year.[23] Ms. Graves sued Father Mr. Watson, Ms. Watson, Grandmother Graves, Judge Cohen, Judge Leanne Litwin, Hearing Officer Gallen, Special Masters/Hearing Officers Ketterlinus and Pandolfi, and the Department of Human Services again challenging the state court custody and support orders, alleging a deprivation of her constitutional right to due process, "financial exploitation," "abuse of judicial discretion," "gender discrimination," "fraud upon the court," and violations of the Racketeer Influenced and Corrupt Organization Act.[24] Ms. Graves did not pay the filing fee or move to proceed *in forma pauperis*. We ordered her to do so by March 18, 2025.[25] She chose not to comply with our Order and we dismissed *Graves II* for lack of prosecution.[26]

**II.     Analysis**

Ms. Graves remains unhappy with the results of the 2022 custody order affirmed by the Pennsylvania Superior Court and with no success in the Pennsylvania Supreme Court. So Ms. Graves now returns here for the third time seeking to challenge and relitigate the 2022 custody order affirmed by the Pennsylvania Superior Court.[27]

Congress requires we screen Ms. Graves's latest round of allegations now proceeding without paying filing fees before issuing summons.[28] We must dismiss her Complaint before

5

issuing summons if we find her claims are frivolous or malicious, they do not state a claim on which relief may be granted, or they seek monetary relief against immune persons.[29] We apply the same standard under Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint under section 1915(e)(2)(B)(ii).[30]

Ms. Graves meets this standard if she pleads "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[31] We accept as true all well-pleaded factual allegations, draw all reasonable inferences in her favor, and construe her allegations in the light most favorable to her to determine whether she plausibly states a claim for relief.[32] We are directed by our Court of Appeals to be "mindful of our obligation to liberally construe a pro se litigant's pleadings."[33] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[34] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."[35]

Ms. Graves asserts civil rights claims and a conspiracy to deprive her of civil rights under the federal statute to remedy violations of federal law by state actors.[36] Congress through section 1983 provides a remedy for a violation of constitutional rights but it is not a source of substantive rights; it is a vehicle to vindicate federal rights "elsewhere conferred."[37] To state a civil rights claim, Ms. Graves must allege (1) a person acting under color of state law committed the complained-of conduct; and (2) the conduct deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States.[38]

Ms. Graves seeks $16 million in compensatory damages and punitive damages, injunctive relief in the form of a restitution order directing all child support payments she made be returned to her as well as costs and fees, a declaration prohibiting "further enforcement of any void custody

6

or support orders and prevent ongoing retaliation," referral of Judges Litwin and Cohen to the Pennsylvania Judicial Conduct Board and Disciplinary Board for investigation and disciplinary action, an emergency stay of state custody and support orders, and referring Father Mr. Watson and Ms. Watson for federal criminal prosecution for kidnapping, custody interference, and fraud.[39]

Ms. Graves does not plausibly plead a legally cognizable claim against a state actor and immune state Judges and state court officials. We dismiss her complaint with prejudice as an amendment is futile.

### A. We dismiss Ms. Graves's claim against the Court's Family Division with prejudice.

Ms. Graves sues the Philadelphia Court of Common Pleas Family Division under section 1983 for violating her Fourteenth Amendment due process and equal protection rights. We twice dismissed Ms. Graves's claims against the Court with prejudice, explaining the Philadelphia County Court of Common Pleas is an arm of the Commonwealth entitled to Eleventh Amendment immunity.[40] Further, the Court of Common Pleas is not a "person" subject to liability under section 1983.[41]

### B. We dismiss claims against the City with prejudice.

Ms. Graves asserts a section 1983 claim against the City of Philadelphia. A municipality like the City of Philadelphia may only be liable under section 1983 for injury resulting from a municipal policy, practice, or custom or if it is deliberately indifferent to its stated policy known as a *Monell* claim.[42] Liability against the City of Philadelphia extends only to its own conduct and it is not vicariously liable for the conduct of its employees.[43] The City can only be liable if its policy or custom caused the alleged constitutional violation.[44] A "policy" is made when a "decisionmaker" with "final authority to establish a municipal policy with respect to the action issues an official proclamation, policy, or edict."[45] A "custom" is conduct, not authorized by law,

7

"so permanently and well-settled as to virtually constitute law" and "requires proof of knowledge and acquiescence of the decisionmaker."[46] Ms. Graves did not identify a "policy" or "custom" and conduct by a municipal decisionmaker.

Ms. Graves's allegations seek to hold the City liable for the custody dispute in the Philadelphia County Court of Common Pleas. The City cannot have a policy or custom relating to state court orders. Pennsylvania's Constitution vests the judicial power of the Commonwealth in a Unified Judicial System, including the Courts of Common Pleas.[47] All courts in the Commonwealth's Unified Judicial System are part of the "Commonwealth government," not the City of Philadelphia.[48] We dismiss with prejudice Ms. Graves's liberally construed municipal liability *Monell* claim against the City based on an unidentified policy or custom relating to the custody dispute.

### C. We dismiss claims against Judges Litwin and Cohen.

We twice dismissed Ms. Graves's claims against Judge Cohen.[49] Our analysis in *Graves I* applies to dismiss with prejudice Judge Cohen as well as Judge Litwin now. As we twice explained to Ms. Graves, judges are absolutely immune from suit for actions taken in their judicial capacities.[50]

Congress in section 1983 bars injunctive relief against judicial officers unless the judge violates a declaratory decree or declaratory relief is unavailable.[51] Ms. Graves's allegations Judge Cohen "refused to comply with the appellate mandate and rewrote his prior order, falsely asserting compliance" and Judge Litwin "later enforced those void custody and support orders despite clear notice of their illegality" are incorrect and not plausible.[52] As explained above, the Pennsylvania Superior Court ultimately confirmed Judge Cohen's custody order after remand. There is no "appellate mandate" awarding Ms. Graves custody of the child.

As we explained in *Graves I*, a judge may be liable under section 1983 only if his or her action arises from a non-judicial act or if the judge acted "in the complete absence of all jurisdiction."[53] We are directed by our Court of Appeals to apply a two-part test to determine whether a judge's act is protected by judicial immunity.[54] We look first "to the nature of the function performed and the expectations of the parties" to determine if the act is "judicial."[55] An act is "judicial" if the "function [is] normally performed by a judge" and the parties "dealt with the judge in his judicial capacity."[56] If an act is "judicial," we next consider if the judge acted "in the clear absence of all jurisdiction."[57]

Ms. Graves again does not plead facts showing Judge Cohen or Judge Litwin acted outside of their judicial capacity or in the clear absence of all jurisdiction. Her allegations revolve around her disagreement with custody and support orders; actions taken within Judge Cohen's and Judge Litwin's judicial capacity. Judge Cohen and Judge Litwin are absolutely immune from Ms. Graves's claims and we, for the third time, dismiss them with prejudice.

**D. We dismiss claims against Court officers.**

We twice dismissed in *Graves I* claims asserted against Special Masters/Hearing Officers Pandolfi and Ketterlinus and Hearing Officer Gallen for allegedly violating her Fourteenth Amendment rights. We explained to Ms. Graves employees, hearing officers, and special masters of Pennsylvania's judicial districts are entitled to Eleventh Amendment immunity.[58]

To the extent Ms. Graves seeks to hold Messrs. Pandolfi and Ketterlinus and Ms. Gallen liable in their positions as Special Masters and Hearing Officers for the Family Court, her claims are dismissed with prejudice. Custody or support masters and conference officers act as arms of the Family Court and are entitled to immunity for acts taken in a judicial or quasi-judicial capacity.[59]

9

### E. We dismiss claims against Father Mr. Watson, Ms. Watson, and Grandmother Graves.

We twice dismissed claims against Father Mr. Watson, Ms. Watson, and Grandmother Graves. These three individuals are not state actors. We explained to Ms. Graves she must allege a state actor deprived her of a constitutional right. She did not, and does not, allege Father Mr. Watson, Ms. Watson, and Grandmother Graves acted under color of state law. Ms. Graves does not state civil rights claims against the Watsons and Grandmother Graves.

Ms. Graves again alleges Father Mr. Watson, Ms. Watson, and Grandmother Graves kidnapped Child and fraudulently collected federal and state benefits in violation of various federal criminal statutes.[60] We twice dismissed Ms. Graves's claims asking us to charge Father Mr. Watson, Ms. Watson, and Grandmother Graves with crimes. We explained to her judges do not charge citizens with crimes; criminal charges are brought by the Executive branch of government, not the Judicial branch.[61]

We also explained we decline to exercise supplemental jurisdiction over Ms. Graves's state law claims, if any are plausibly pleaded, against Father Mr. Watson, Ms. Watson, and Grandmother Graves. We again, and for the third time, decline to exercise supplemental jurisdiction over Ms. Graves's state law claims against these individual Defendants.

### III. Conclusion

Mia Graves bases her most recent complaints on a patently flawed assumption Philadelphia County Court of Common Pleas Judges Litwin and Cohen "enforced void orders that awarded custody to [Mr.] Watson."[62] The Pennsylvania Superior Court ultimately affirmed Judge Cohen's custody order after remand; there are no "void orders." Ms. Graves asserts the Pennsylvania Superior Court "ordered that custody be returned to [her], but Judge Cohen refused to comply."[63] This is simply incorrect. The Superior Court did not order custody to be returned to Ms. Graves;

it remanded the custody action directing the trial court add Father Mr. Watson as a party, the trial court did so, and after a full evidentiary hearing awarded physical and legal custody to Father. Ms. Graves appealed. The Superior Court affirmed the custody order.

We dismiss Ms. Graves's Complaint with prejudice again today.[64]

---

[1] The Family Division is one of the three major divisions of the Court of Common Pleas of Philadelphia County. The Family Division, sometimes referred to as Family Court, has two branches: Juvenile and Domestic Relations. The Domestic Relations branch handles child support and child custody issues. https://www.courts.phila.gov/common-pleas/family/  Ms. Graves refers to the Family Division of the Court of Common Pleas alternatively as "Philadelphia Family Court" and "Philadelphia County, Pennsylvania – Family Court, Court of Common Pleas, Domestic Relations Division." We construe her Complaint as against the Court of Common Pleas, Family Division.

[2] Michelle Watson appears to be the wife of Eugene Watson.

[3] The Pennsylvania Superior Court's decision in *Graves v. Graves*, 265 A.3d 688 (Pa. Super. Ct. 2021) is the basis of Ms. Graves's Emergency Motion for temporary restraining order. ECF 6. The Pennsylvania Superior Court first issued its decision on September 17, 2021 but withdrew it on October 12, 2021. *See Graves*, No. 1787 EDA 2020, 2021 WL 4235447  (Pa. Super. Ct. Oct. 12, 2021). The Superior Court replaced its September 17, 2021 decision on October 18, 2021 at *Graves v. Graves*, 265 A.3d 688 (Pa. Super. Ct. 2021).

[4] *Graves*, 265 A.3d at 692.

[5] *Id.* at 702–03.

[6] ECF 6 at 27–54.

[7] *Id.* at 45–46.

[8] *Graves v. Graves*, No. 203 EDA 2022, 285 A.3d 964 (Table) (Pa. Super. Ct. Sept. 22, 2022).

[9] *Id.* at *2; ECF 6 at 56.

[10] *Graves*, No. 203 EDA 2022, 285 A.3d 964 at *2.

[11] *Id.* at *2-*3.

[12] *Id.* at *5.

[13] *Id.*

[14] *Id.* (citation omitted).

[15] Docket, *Graves v. Graves*, No. 203 EDA 2022. Ms. Graves then took a third appeal to the Pennsylvania Superior Court. *Graves v. Graves*, 319 A.3d 47 (Table), 2024 WL 1740402 (Pa. Super. Ct. Apr. 23, 2024), *petition for allowance of appeal denied*, 323 A.3d 150 (Pa. 2024). Ms. Graves appealed from Judge Litwin's Order denying her petitions to find Father Mr. Watson in contempt of court, granting her motion for change of venue, and relinquishing jurisdiction of the custody matter to the state of Delaware where Father resides with the Child. The Pennsylvania Superior Court affirmed. *Id.* The Pennsylvania Supreme Court denied her petition for allowance of appeal. *Id.*

[16] *Graves v. Philadelphia Family Court*, *et al.*, No. 23-3853 ("*Graves I*").

[17] *Id.*., ECF 2.

[18] *Id.*, ECF 4.

[19] *Id.*, ECF 5.

[20] *Id.*

[21] *Id.*, ECF 8.

[22] *Id.*, ECF 9, 10.

[23] *Graves v. Watson, et al.*, No. 25-848 ("*Graves II*").

[24] *Id.*, ECF 1.

[25] *Id.*, ECF 3.

[26] *Id.*, ECF 4.

[27] Ms. Graves sues Philadelphia Court of Common Pleas Judges Leanne Litwin and Mark B. Cohen, Support Masters/Hearing Officers William H. Ketterlinus and Michael Pandolfi, Hearing Officer Katie Gallen, individuals Eugene D. Watson (father of Child), Michelle Watson, and Darlena Graves (maternal grandmother of Child), the City of Philadelphia, and the Philadelphia County Court of Common Pleas Family Division alleging violations of her due process and equal protection rights under the 14th Amendment, a conspiracy to deprive her of her civil rights, and common law claims styled "fraud upon the court and insurance/benefit fraud" and "kidnapping and custody interference" seeking damages and injunctive relief.

Ms. Graves filed this third pro se case on November 5, 2025. ECF 2. Two days later, she filed another Complaint, an Emergency Motion for temporary restraining order and preliminary injunction, and Motion to recuse Judge Litwin. ECF 6, 7. We construe Ms. Graves's Complaints at ECF 2 and ECF 7 together. Ms. Graves then filed a Notice requesting the United States Marshal

Service serve "all filed documents" on all Defendants (ECF 8), a Motion for a "stay-away order and protective injunction" against all Defendants (ECF 9), and a Memorandum in support of her Emergency Motion for temporary restraining order and preliminary injunction (ECF 10).

Ms. Graves filed her Complaint and Emergency Motion for temporary restraining order and preliminary injunction just weeks after she filed an Application for Extraordinary Relief on October 10, 2025, in the Pennsylvania Supreme Court. *Graves v. Litwin, et al.*, No. 106 EM 2025. Ms. Graves is there suing Judges Litwin and Cohen, Hearing Officer Gallen, Special Masters Ketterlinus and Pandolfi, Father Mr. Watson, and Grandmother Graves. That action remains pending in the Pennsylvania Supreme Court.

[28] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[29] *Id.*

[30] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019). A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,' it does require the pleading show 'more than a sheer possibility … a defendant has acted unlawfully.'" *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 668).

In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)). Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

---

[31] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[32] *Oakwood Laboratories LLC*, 999 F.3d at 904 (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)) (cleaned up).

[33] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs*, 655 F.3d at 339) (cleaned up).

[34] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[35] *Id.* (quoting *Mala*, 704 F.3d at 245).

[36] 42 U.S.C. § 1983. Section 1983 provides, in relevant part: "Every person who, under color of any statute . . . of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." *Id.*

[37] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[38] *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). The statute of limitations for a section 1983 claim is two years. *Moore v. Walton*, 96 F.4th 616, 622 (3d Cir. 2024). Ms. Graves filed the instant Complaint on November 5, 2025. This means the complained-of constitutional violations must have occurred on November 5, 2023 and later. Reviewing over 170 pages of documents attached to her Emergency Motion for a temporary restraining order, Ms. Graves complains of state court orders from September 2014, June 2019, March, September, and December 2020, January 4, 2022, August 1, 2022, March 4, 2022, March 27, 2023, April 24, 2023, September 13, 2023 (ECF 6 at 56–57, 62, 65–66, 68, 71–77; ECF 6-1 at 44; ECF 6-2 at 12, 51). Claims based on these Order are time-barred. And, even if not time-barred, the City, the Court's Family Division, Judges Litwin and Cohen, Special Masters/Hearing Officers Pandolfi, Ketterlinus, and Gallen are immune from suit as explained later in this Memorandum.

We identified an October 30, 2024 interim Order confirming child support payments (ECF 6-1 at 46-47); an October 3, 2025 Order directing Ms. Graves to make a lump sum child support payment (ECF 6 at 38); and a November 5, 2025 Order directing Ms. Graves to make a child support payment (ECF 6-1 at 32). Accordingly, there are only three Orders within the statutory period. And, as further explained, Ms. Graves does not plausibly state a claim for constitutional violations against immune Judges, court officers, the Court's Family Division, the City, and private actors.

[39] ECF 2 at 12, § VI; ECF 7 at 3.

[40] *Graves I,* No. 23-3853, 2023 WL 6810250 (E.D. Pa. Oct. 16, 2023); 2023 WL 8188840 (E.D. Pa. Nov. 27, 2023).

[41] *Fake v. City of Phila.*, 704 F. App'x 214, 216 (3d Cir. 2017) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 55, 65-66 (1989)).

---

[42] So named after the Supreme Court's decision in *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978). The Supreme Court in *Monell* held "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690 (footnote omitted).

[43] *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citations omitted).

[44] *McTernan v. City of York, PA*, 564 F.3d 636, 657–58 (3d Cir. 2009) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)); *see also Porter v. City of Phila.*, 975 F.3d 374, 383 (3d Cir. 2020) (a municipality is only liable under section 1983 for constitutional violations caused by its official policies and customs) (citations omitted).

[45] *McTernan*, 564 F.3d at 658 (internal quotations omitted) (citation omitted).

[46] *Id.* (internal quotations omitted) (citation omitted).

[47] PA. CONST. art. V, § 1.

[48] *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240 (3d Cir. 2006) (quoting *Callahan v. City of Phila.,* 207 F.3d 668, 672 (3d Cir. 2000)).

[49] *Graves I,* No. 23-3853, 2023 WL 6810250 (E.D. Pa. Oct. 16, 2023); 2023 WL 8188840 (E.D. Pa. Nov. 27, 2023).

[50] *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (recognizing Congress expanded 42 U.S.C. §1983 to provide immunity to judges against injunctive relief claims).

[51] *Id.* at 304. Congress in section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ***except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable***." 42 U.S.C. § 1983 (emphasis added).

[52] ECF 7 at 2, Statement of Facts ¶¶ 2–3.

[53] *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *see also Figueroa v. Blackburn*, 208 F.3d 435, 443 (3d Cir. 2000) (explaining a "judicial act" is one "normally performed by a judge").

[54] *Lee v. Gallina Mecca,* No. 22-2871, 2023 WL 5814783, at *4 (3d Cir. Sept. 8, 2023) (citing *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000)).

---

[55] *Id.* at *4.

[56] *Id.* (quoting *Gallas*, 211 F.3d at 768–69).

[57] *Id.* (quoting *Gallas*, 211 F.3d at 769).

[58] *Graves I,* No. 23-3853, 2023 WL 6810250 (E.D. Pa. Oct. 16, 2023); 2023 WL 8188840 (E.D. Pa. Nov. 27, 2023).

[59] *Prater v. City of Phila. Family Ct.*, 569 F. App'x 76, 79 (3d Cir. 2014); *see also Wilson-Johnson v. Walker*, No. 18-1076, 2018 WL 1641223 at * 3 (E.D. Pa. Apr. 4, 2018) (dismissing section 1983 claims against Custody Master and Conference Officer under quasi-judicial immunity) (collecting cases).

[60] Ms. Graves alleges Father Mr. Watson and Ms. Watson violated 18 U.S.C. § 1341 (mail fraud), § 641 (theft of money or property belonging to the United States); and section 1001 (making false statements to the United States).

[61] *Graves I*, 2023 WL 6810250 at *4–*5.

[62] ECF 2 at 7, § III, ¶¶ 2–3.

[63] *Id.* at 10.

[64] Today's dismissal with prejudice requires we deny Ms. Graves's emergency Motion for a temporary restraining order and preliminary injunction (ECF 6), Motion to recuse Judge Litwin (ECF 7), and Motion for "stay-away order" and "protective injunction" (ECF 9) in today's Order.